# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILFREDO NIEVES CRUZ,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:18-1152** |
| : | |
| v. : | |
| : | **(MANNION, D.J.)** |
| **DET. ERIC SHAEDEL,** *et al.,* : | **(SAPORITO, M.J.)** |
| : | |
| **Defendants** : | |

# M E M O R A N D U M

Pending before the court is the June 20, 2018 report of Judge Joseph F. Saporito, Jr., (Doc. 7), which recommends that the above captioned case, (Doc. 1), be transferred to the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. §1406(a). Along with his complaint, plaintiff filed a motion to proceed proceed *in forma pauperis* pursuant to 28 U.S.C. §1915, (Doc. 2), which was granted by Judge Saporito, (Doc. 6).

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the

magistrate judge. [28 U.S.C. §636(b)(1)](#); Local Rule 72.31.

Although the time within which objections to Judge Saporito's report by the plaintiff has not yet completely expired, the court may nonetheless transfer his case *sua sponte*. For the following reasons, the complaint will be **TRANSFERRED** since venue in this district is clearly improper. Judge Saporito's report will be **ADOPTED**.

**I.    BACKGROUND**

On June 6, 2018, plaintiff filed his complaint against defendants Eric Shaedel, a detective with the City of Bethlehem Police Department and a member of the Lehigh County and Northampton County Task Force, the Commissioner of the Northampton County Police Department, and three "John Doe" police officers with the City of Bethlehem Police Department. Plaintiff alleges that Shaedel and the Doe officers with the City of Bethlehem Police Department arrested him on May 25, 2016, and used excessive force during the arrest causing him several injuries, some permanent in nature.

Initially, neither plaintiff nor his defendants are located in the Middle District of Pennsylvania. Further, since defendants are located in the Eastern District of Pennsylvania and since plaintiff's 4th Amendment excessive force claim arose in the Eastern District, Judge Saporito recommends that plaintiff's case be transferred to the Eastern District of Pennsylvania.

## II. DISCUSSION

To date, plaintiff's complaint has not been served on any defendant since Judge Saporito gave preliminary consideration to it as required. In cases where the plaintiff has *in forma pauperis* status, Section 1915 of the United States Code, 28 U.S.C. §1915, requires the court to dismiss a plaintiff's case if, at any time, the court determines that the action is, "frivolous or malicious" or "fails to state a claim on which relief may be granted." §1915(e)(2)(B). *See* McCain v. Episcopal Hosp., 350 Fed.Appx. 602, 604 (3d Cir. 2009) (Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners); Grayson v. Mayview State Hosp., 293 F3d 103, 110 n. 10 (3d Cir. 2002).

"Section 1983 contains no special venue provision. Therefore, the general venue provisions of 28 U.S.C. §1391 apply." Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 462 (3d Cir. 1996) (citation omitted). Venue is thus governed by 28 U.S.C. §1391(b). Section 1391(b) provides that venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Since the incident complained of against the defendants emanates from Eastern District of Pennsylvania and since the defendants are located in the

3

Eastern District, venue is appropriate in the Eastern District of Pennsylvania, not in the Middle District of Pennsylvania.

"A District Court is granted discretion to *sua sponte* transfer cases by [28 U.S.C. §1404(a)](), which provides in relevant part that '[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.'" [Wright v. Pa. DOC, 2015 WL 401685, *2 (W.D.Pa. Jan. 28, 2015)]() (citations omitted). Section 1406(a) provides "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "Section 1406, ..., applies where the original venue is improper and provides for either transfer or dismissal of the case." [Jumara v. State Farm Ins. Co ., 55 F.3d 873, 878 (3d Cir. 1995)](). The original venue in the instant case is improper in this court as to defendants. Thus, the court will transfer plaintiff's case to the proper venue under §1406(a) since it is in the interest of justice.

## III. CONCLUSION

Therefore, plaintiff's complaint, (Doc. 1), will be **TRANSFERRED** to the United States District Court of the Eastern District of Pennsylvania since venue in the Middle District of Pennsylvania is clearly not proper. Judge Saporito's report will be **ADOPTED**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: June 29, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-1152-01.wpd